UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe (G.N.C.), an individual<br><br>      Plaintiff<br>v.<br><br>Uniquest Delaware LLC, Brookwood Hospitality LLC, Embassy Suites Franchise LLC, Hilton Franchise Holding LLC, Park Hotels & Resorts, Inc., Hilton Domestic Operating Company Inc., Hilton Worldwide Holdings Inc., Vornado Realty Trust, Vornado Realty L.P., 401 Hotel L.P., 401 Hotel General Partner LLC, 401 Hotel TRS, Inc., 401 Hotel TRS, LLC, and 401 Hotel Management Company LLC<br><br>      Defendants. | CIVIL ACTION NO. 1:23-cv-07980-PKC<br><br><br><br>**PROTECTIVE ORDER** |

P. KEVIN CASTEL, United States District Judge:

      WHEREAS, all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, Plaintiff represents that she has not previously disclosed in the public media her identity in relation to her trafficking allegations and to the best of her recollection, Plaintiff has not disclosed her identity in relation to her trafficking allegations in a publicly available social media post and further represents that, consistent with her privacy concerns, it is her intent not to disclose her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending;

      WHEREAS, the protections provided to Plaintiff in Paragraph 12 of this Protective Order will become inapplicable if Plaintiff discloses her identity or image in relation to the status of this matter or the underlying allegations on social media or with any media outlet while the case is pending;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity" (collectively "Confidential Discovery Material") pursuant to the terms of this Protective Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. A Party producing Confidential Discovery Material may designate such material as Attorneys' Eyes Only if such Party reasonably believes the material to constitute, reflect, disclose, or contain trade secret or proprietary information that the Party has maintained as non-public or confidential and to be so competitively sensitive that it could suffer competitive harm if such

information was disclosed.  Materials warranting an Attorneys' Eyes Only designation will include, but are not limited to, documents and information reflecting or relating to the franchisor defendants' proprietary franchise systems, including applicable system and/or brand standards and financial terms of franchise relationships.  For avoidance of doubt, references to Confidential Discovery Material herein include any information designated as Attorneys' Eyes Only by a Party.

4. The Parties producing Confidential Discovery Material may designate such materials as "Plaintiff's True Identity" if the materials contain Plaintiff's name, alias names used at any time, Plaintiff's date of birth, or other information that could be used to identify Plaintiff.  The Plaintiff may use a pseudonym throughout the pre-trial course of these proceedings.  The Parties reserve the right to reassess Plaintiff's right to proceed pseudonymously at trial.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity" by: (a) stamping or otherwise clearly marking as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition transcript is made available by the court reporter, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following receipt of the transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity" under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

     (a)    the Parties to this action, their insurers, and counsel to their insurers;

     (b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

     (c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, investigators, jury consultants, mock jurors, focus group members, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

     (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

     (e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

     (f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

     (g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

     (h)    stenographers engaged to transcribe depositions conducted in this action;

     (i)    this Court, including any appellate court, and the court reporters and support personnel for the same; and

     (j)    any custodian of records.

9.    No person subject to this Protective Order other than the producing person shall disclose any of the Confidential Discovery Material designated by the producing person as Attorneys' Eyes Only to any person whomsoever, except to persons identified in Paragraph 8. Confidential Discovery Material designated by the producing person as Attorneys' Eyes Only may not be shared with officers, directors, and employees (including in-house counsel) of the non-producing Defendants.

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(c), 8(d), 8(f), or 8(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold

it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. Prior to any disclosure of any information related to Plaintiff's True Identity to any person referred to in subparagraphs 8(c), 8(d), 8(f), 8(g) or 8(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. All records relating to the action will be maintained in a manner that protects the confidentiality of the Plaintiff. In some circumstances throughout the litigation of this matter, it will become necessary to disclose Plaintiff's True Identity in a limited and protected manner. The Parties may only disclose Plaintiff's True Identity—whether orally or via a document containing Plaintiff's True Identity—to the persons set out in subparagraphs 8(a), 8(b), 8(c) 8(d), 8(e), 8(g), 8(h), 8(i), 8(j), and the four additional categories of persons as further described below:

(a) Any potential, anticipated, or actual fact witness (with the exception of Plaintiff's trafficker and their known associates), and their counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(b) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements, including law enforcement and law enforcement personnel;

(c) To the trafficker and/or the trafficker's associates, after providing 30-day notice to the Plaintiff on the intention to contact the trafficker to permit Plaintiff to seek further protection from the Court should it be necessary. The Plaintiff's True Identity, including photo images of the Plaintiff, will be revealed to the trafficker and/or associates only to the extent necessary to assist in recollection of testimony. Plaintiff's and Plaintiff's family's physical location will never be disclosed; and

(d) Other persons or entities as needed to litigate any claims or defenses upon consent of the parties. A meet and confer must be held regarding any disclosure. Consent shall not be unreasonably withheld. If the Parties are unable to reach an agreement, the Defendant(s) seeking permission to disclose Plaintiff's True Identity shall file a motion with the Court.

Absent permission from the Plaintiff or written order of the Court, a person entitled to know Plaintiff's True Identity under this Paragraph shall not divulge that information to anyone beyond the persons identified above. Absent permission from the Plaintiff or a written court order, the Plaintiff's identity may not be disclosed in the public record.

Counsel for Plaintiff shall provide Plaintiff's True Identity to the respective counsel for the Defendants within fifteen days of the entry of this Protective Order. As used herein, True Identity

includes, but is not limited to, information such as: (a) Name and any aliases used at any time; (b) Date of Birth; (c) Social Security Number; and (d) Current address and prior addresses from 2012 to present. Within fifteen days of the entry of this Protective Order, Counsel for Plaintiff shall also provide to the respective counsel for Defendants the names of her trafficker(s), including any known aliases used at any time (as recalled by Plaintiff), the names or known aliases of any known associates of the trafficker(s), as well as the case name and case number of any known criminal prosecutions of Plaintiff's trafficker(s) or their known associates.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 3(B) of this Court's Individual Practices in Civil Cases.

14. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The receiving Party subject to such obligation shall promptly inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

15. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

16. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party

seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

18. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

19. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed protected material to any person in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to sign the Non-Disclosure Agreement in the form attached to the Exhibit hereto.

22. Pursuant to Federal Rule of Evidence 502(d), inadvertent disclosure of privileged material shall not operate as a waiver of privilege in this or in any other federal or state proceeding. If a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

23. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" "Attorneys' Eyes Only," or "Plaintiff's True Identity," and all copies thereof, shall be promptly returned to the producing person, or destroyed. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

24. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. On motion, the Court will consider Defendants' requests for modifications to the protections herein after Defendants receive notice of Plaintiff's True Identity and have the opportunity to investigate her claims.

26. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) before seeking judicial intervention if there are any disputes relating to this Protective Order.

SO ORDERED

Dated: January 18, 2024
       New York, New York

_____
P. KEVIN CASTEL
United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe (G.N.C.), an individual<br><br>   Plaintiff<br><br>v.<br><br>Uniquest Delaware LLC, Brookwood Hospitality LLC, Embassy Suites Franchise LLC, Hilton Franchise Holding LLC, Park Hotels & Resorts, Inc., Hilton Domestic Operating Company Inc., Hilton Worldwide Holdings Inc., Vornado Realty Trust, Vornado Realty L.P., 401 Hotel L.P., 401 Hotel General Partner LLC, 401 Hotel TRS, Inc., 401 Hotel TRS, LLC, and 401 Hotel Management Company LLC<br><br>   Defendants. | CIVIL ACTION NO. 1:23-cv-07980-PKC<br><br><br><br>**NON-DISCLOSURE AGREEMENT** |

P. KEVIN CASTEL, United States District Judge:

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential," "Attorneys' Eyes Only," or "Plaintiff's True Identity." I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____