UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

JANE DOE (G.N.C),

                Plaintiff,

    v.

UNIQUEST HOSPITALITY, LLC, et al.,

                Defendants.
───────────────────────────────────────────

23-cv-7980 (PKC)

ORDER

CASTEL, United States District Judge.

        In an Opinion and Order ("Op. & Order") filed September 11, 2024 (ECF 141), this Court granted the motions to dismiss plaintiff's Second Amended Complaint (ECF 113) for failure to state a claim as to defendants Brookwood, Hilton Franchise, Vornado Realty Trust, Vornado Realty L.P., and 401 Hotel TRS LLC and denied the motion to dismiss as to beneficiary liability against defendant Uniquest. In addition to the claim against Uniquest, Doe has pending claims against two defendants who did not move to dismiss, Jai Bhole, Inc. and Rudra MGMT, Inc., allegedly associated with the Boulevard Inn in Amherst, NY.

        Doe now seeks to have the Court enter partial judgment against Hilton Franchise, Vornado Realty Trust, and 401 Hotel TRS LLC under Rule 54(b), Fed. R. Civ. P., thereby enabling Doe to take an appeal while her action continues against Uniquest, Jai Bhole, Inc., and Rudra MGMT, Inc. (ECF 143 at 1.) In the case of Vornado Realty Trust and 401 Hotel TRS LLC, Doe frames her request as one for leave to amend under Rule 15(a)(2), F. R. Civ. P, or alternatively, for Rule 54(b) certification. (Id.) With respect to Hilton Franchise, she seeks only a Rule 54(b) certification. (Id.) For the reasons set forth below, the Court grants in part and

1

denies in part Doe's request for leave to amend and denies her request for Rule 54(b) certification.

DISCUSSION

    I.    <u>The Court Grants in Part and Denies in Part Doe's Motion for Leave to Amend</u>

Doe seeks leave to file a Third Amended Complaint dropping Vornado Realty L.P., a dismissed party, making no material amendments relating to the role of Hilton Franchising, and making modest changes in other allegations against Brookwood, Vornado Realty Trust, and 401 Hotel TRS LLC. The Court has reviewed the allegations of the proposed Third Amended Complaint, marked to show changes, and, in the interests of justice, leave to amend will be granted to file a Third Amended Complaint, except that leave to reassert claims against Vornado Realty Trust and 401 Hotel TRS LLC premised upon any TVPRA theory other than "beneficiary" liability will be denied on futility grounds.[1]

In the Op. & Order, the Court dismissed the claim against Uniquest to the extent it was premised upon "perpetrator" liability. The Court noted that "perpetrator" liability "requires actual knowledge of the sex trafficking activity." (Op. & Order at 6.) (citing <u>Acevedo v. eXp Realty, LLC</u>, 23-cv-01304(AB)(AGR), 2024 WL 650189, at *9 (C.D. Cal. Jan. 29, 2024) ("actual knowledge")). In addressing Doe's pleading, the Court concluded that "[s]tripped of conclusory allegations and legal conclusions, the SAC does not plausibly allege that Uniquest had actual knowledge that 'force, threats of force, fraud, [or] coercion . . . will be used to cause the person [i.e. Doe] to engage in a commercial sex act. . . .'." (<u>Id.</u> at 7.) The allegations of

---

[1] To avoid doubt, in granting limited leave to assert a "beneficiary" liability claim against Vornado Realty Trust and 401 Hotel TRS LLC, the Court is not reviving or authorizing the reassertion of any claim against any other defendant that was dismissed in the Op. & Order.

2

"perpetrator" liability against 401 Hotel TRS in the proposed Third Amended Complaint mirror those against Uniquest in the Second Amended Complaint and leave to amend to assert the "perpetrator" claim is denied. To the extent that the proposed Third Amended Complaint can be construed as reasserting a dismissed "vicarious" liability claim against 401 Hotel TRS or Vornado Realty Trust, leave to amend is denied on futility grounds for the reasons stated in the Op. & Order for dismissing the "vicarious" liability claims. (Id. at 10-11.)

II.     The Court Denies Doe's Motion for Rule 54(b) Certification

Rule 54(b) provides in relevant part that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Second Circuit has "repeatedly stated that a district court's authority to enter a Rule 54(b) judgment should be 'exercised sparingly,'" bearing in mind "'the historic federal policy against piecemeal appeals.'" Ashmore v. CGI Group, Inc., 860 F.3d 80, 86 n.6 (2d Cir. 2017) (quoting Novick v. AXA Network, LLC, 642 F.3d 304, 310-11 (2d Cir. 2011)).

Doe asserts that allowing an appeal to go forward while other claims asserted by Doe proceed through discovery would advance judicial efficiency and avoid duplication. But on Doe's plan, much discovery, including the deposition of Doe, would need to be redone in the event of a reversal after an immediate appeal or after final judgment, if an additional party was added. The Case Management Plan and proposed Scheduling Order submitted by the parties provides for all fact discovery to be completed in a little over 9 months and expert discovery to be completed in 10 and a half months. (ECF 147 at 1-2.) Doe does not seek to stay the case against non-dismissed defendants while the hypothetical appeal goes forward and there is no

3

demonstration of a likelihood that an appeal would run its course before the case against non-dismissed defendants proceeded to trial. Even if certification might avoid a second trial, district courts are largely uniform that this does not, by itself, satisfy the Rule's "no just reason for a delay" requirement. See Commerzbank AG v. Bank of New York Mellon, 15 cv 10029(GBD), 2024 WL 1309239, at *4 (S.D.N.Y. Mar. 27, 2024) ("this Court agrees with the weight of authority in this District that a desire to avoid a second trial is insufficient to warrant entry of partial final judgment under Rule 54(b), as this desire is inherent in nearly all Rule 54(b) motions.").

There are three different locations at issue and with the grant of leave to amend as to Vornado Realty Trust and 401 Hotel TRS all three locations would be at issue with the claims going forward during the appeal. Further, the evidence as to the three locations would be overlapping. (ECF 113 at ¶ 44) ("'red flags'. . . were obvious and apparent to the staff and management of Defendants' hotels, including effects on her appearance, demeanor, movements throughout the hotel, and interactions with others.").

In turn, the Court concludes that Doe has failed to establish that there is "no just reason for delay" that would justify entry of a Rule 54(b) partial judgment.

CONCLUSION

The Court has considered all of the arguments of the parties (ECF 143-46 & 149) and will GRANT Doe leave to amend to the limited extent that she may file a Third Amended Complaint against Vornado Realty Trust and 401 Hotel TRS asserting a claim for "beneficiary" liability. Doe's request for a Rule 54(b) certification is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 1, 2024

5